UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Maureen Fogarty, | § § § |
| Plaintiff, | § § |
| v. | § § Case No. 1:21-cv-2649 |
| JPMorgan Chase Bank; and Experian Information Solutions, Inc., | § § § § |
| Defendants. | § § § |

# COMPLAINT

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a resident of Hamilton County, Indiana.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant JPMorgan Chase Bank ("Chase") is a furnisher of consumer credit information to consumer reporting agencies.

7. Chase was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

9. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10. In or about December 2020, Plaintiff made the final payment of a settlement arrangement reached with Chase in order to settle her debt with Chase in full.

11. In January 2021, Chase sent Plaintiff a letter to confirm they had received her final settlement payment, and that she had successfully completed the terms of her payment arrangement.

12. Therefore, as of January 2021, the account was satisfied and there was zero balance owing.

13. In or about April 2021, Plaintiff obtained a copy of her credit report from Experian.

14. Upon review of her credit report, Plaintiff observed that Chase was reporting that Plaintiff owed a past due balance on the debt, in the amount of $1,787.

15. Because the debt had been paid in full in January 2021, Chase's representation that $1,787 was due and owing on the debt was false.

16. The false information regarding the account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

17. Experian published the false information regarding the debt to third parties.

### WRITTEN DISPUTE

18. On or about June 30, 2021 Plaintiff sent a written letter to Experian disputing the inaccurate information regarding the debt reporting on Plaintiff's consumer report, provided supporting documentation, including a copy of the letter from Chase confirming that the debt had been paid, and also requesting from Experian a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing (the "Dispute").

19. Upon information and belief, Experian forwarded Plaintiff's Dispute to Chase for reinvestigation.

20. Upon information and belief, Chase received notification of Plaintiff's Dispute from Experian.

21. Chase failed to conduct a reasonable investigation, failed to contact Plaintiff, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

22. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

23. Chase failed to instruct Experian to remove the false information reporting on Plaintiff's consumer report.

24. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

25. Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

26. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

27. As a result of Defendants' failure to correct the inaccurate information appearing on her consumer report, Plaintiff was denied a credit opportunity.

## COUNT I – Chase

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

28. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

29. After receiving the Dispute, Chase failed to correct the false information regarding the Debt reporting on Plaintiff's consumer report.

30. Chase violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own

internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

31. As a result of this conduct, action, and inaction of Chase, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

32. The conduct, action, and inaction of Chase was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

33. In the alternative, Chase was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

34. Plaintiff is entitled to recover costs and attorneys' fees from Chase pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

35. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

36. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

37. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

38. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. The conduct, action, and inaction of Experian was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

42. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

43. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

44. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

45. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. The conduct, action, and inaction of Experian was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

47. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: July 22, 2021

/s/ *Joseph Panvini*
Joseph Panvini
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Email: litigation@mccarthylawyer.com
Attorney for Plaintiff